IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                                    PLAINTIFF

       v.                              Civil No. 4:11-cv-04085

SHERIFF BUTCH MORRIS,
Nashville, Howard County, Arkansas;
JALA TALLANT, Jail Administrator;
BRYANT CHESTER, Prosecuting
Attorney; JAMES GRAVES, Prosecuting
Attorney; and LA JANA JONES,
Public Defender                                                                                               DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      Plaintiff, Willie Munn, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

      Plaintiff is currently an inmate of the Arkansas Department of Correction, Cummins Unit, in Grady, Arkansas. The events that are the subject of this case occurred while Plaintiff was detained at the Howard County Detention Center (HCDC) in Nashville, Arkansas.

According to the allegations of the complaint and supplements thereto, Plaintiff was arrested on May 1, 2011, and placed in the HCDC. While he was incarcerated at the HCDC, Plaintiff maintains he was: denied adequate medical care; subjected to unconstitutional conditions of confinement; denied access to a law library; and denied him the right to see a chaplain. Plaintiff alleges both Sheriff Morris and Jail Administrator Jala Tallant were directly involved in, and responsible for, these constitutional deprivations.

With respect to Prosecuting Attorneys Bryant Chester and James Graves, he maintains they maliciously prosecuted him, deprived him of a jury trial, and discriminated against him because he was Black. Plaintiff alleges that his public defender, La Jana Jones, threatened him, failed to properly perform her duties, and caused him to take a plea agreement that was not favorable to him.

**2. Discussion**

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the complaint are frivolous or malicious, fail to state claims upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. While *pro se* complaints are to be construed liberally, courts must still apply the "plausibility standard." *See Ventura-Vera v. Dewitt*, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

　　Upon review, it is clear that Plaintiff's claims against Prosecuting Attorney Bryant Chester, Prosecuting Attorney James Graves, and Public Defender La Jana Jones must be dismissed. First, the prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant prosecuting attorneys are entitled to absolute immunity; *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

　　Second, to the extent the complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here.

　　Third, the claims against La Jana Jones are subject to dismissal. In *Polk County v. Dodson*, 454 U.S. 312, 325, the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state

criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

### 3. Conclusion

For the reasons stated, I recommend that the claims against Bryant Chester, La Jana Jones, and James Graves be dismissed. By separate order service of the complaint on Sheriff Butch Morris and Jail Administrator Jala Tallant will be ordered.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of November 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE