IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                          PLAINTIFF

vs.                                      Case No. 4:11-cv-04085

SHERIFF BUTCH MORRIS,
Nashville, Howard County, Arkansas;
JALA TALLANT, Jail Administrator;
BRYANT CHESTER, Prosecuting
Attorney; JAMES GRAVES, Prosecuting
Attorney; and LA JANA JONES,
Public Defender                                                                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed November 14, 2011 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 11). Judge Bryant has screened the Plaintiff's complaint, as required by 28 U.S.C. § 1915A, and recommends that the Plaintiff's claims against Bryant Chester, James Graves, and La Jana Jones be dismissed. 28 U.S.C. § 1915A(a) (2006). The Plaintiff has filed two objections to Judge Bryant's report.[1] (ECF No. 12; ECF No. 13). After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

Judge Bryant found that prosecutors Bryant Chester and James Graves are immune from the Plaintiff's damages claims against them under 42 U.S.C. § 1983. Judge Bryant also found that public defender La Jana Jones was not acting under color of state law when representing the Plaintiff, Willie Munn, and so is not subject to a claim under § 1983. And finally, Judge Bryant

---

[1] The Plaintiff's second objection was not timely filed. Objections were due by Dec. 1, 2011, and the Plaintiff's second objection was filed on December 8, 2011. Nevertheless, the Court will consider the Plaintiff's second objection.

1

found that, while Mr. Chester and Mr. Graves might not be immune from claims for injunctive relief under § 1983, that relief is not available to Mr. Munn in this case because Mr. Munn cannot show that Mr. Chester's and Mr. Graves's allegedly illegal conduct is substantially likely to recur.

## PLAINTIFF'S OBJECTIONS

**1. Chester and Graves**

First, Mr. Munn objects to Judge Bryant's finding that Mr. Chester and Mr. Graves are immune because they were acting within their prosecutorial roles. Mr. Munn alleges that Mr. Chester and Mr. Graves fulfilled their prosecutorial roles improperly, namely by having an evil intent, conspiring against him, and maliciously prosecuting him. (ECF No. 12, p. 7; ECF No. 13, p. 2). None of Mr. Munn's allegations, however, overcome the prosecutors' absolute immunity.

Prosecutors are absolutely immune from civil suits for damages under § 1983 when the actions giving rise to the suit were taken while initiating and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The actions taken by Mr. Chester and Mr. Graves that give rise to Mr. Munn's suit do not appear to be anything other than the ordinary initiation and presentation of the State's case.

Mr. Munn claims that Mr. Chester and Mr. Graves had an evil intent, but allegations of improper motive do not overcome the absolute immunity accorded to prosecutors acting in a prosecutorial role. *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987).

Mr. Munn also claims that Mr. Chester and Mr. Graves conspired against him. That conspiracy, Mr. Munn contends, consisted in withholding evidence. But Mr. Munn does not say what evidence was withheld, or how he knows it was withheld. Prosecutors are immune, however, from civil-conspiracy claims when their participation in an alleged conspiracy consists

in performance of the prosecutorial role. *Reasonover v. St. Louis Cnty, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Mr. Munn does not provide any evidence of a conspiracy between Mr. Chester and Mr. Graves against him, but if one existed and involved withholding evidence, that action presumably would fall under the immune prosecutorial role.

Mr. Munn finally claims that Mr. Chester and Mr. Graves maliciously prosecuted him, as shown by their withholding evidence. But again, Mr. Munn does not reveal what evidence was withheld, or how he knows it was withheld. Regardless, even if the claim of malicious prosecution were established, protection from such claims is the essence of the immunity granted to prosecutors when acting in their prosecutorial role. *Imbler v. Pachtman*, 424 U.S. 409, 421-31 (1976) (noting that absolute immunity for § 1983 claims is based on the common-law immunity from malicious-prosecution claims that was historically accorded to prosecutors).

### 2. La Jana Jones

Mr. Munn makes the same evil intent, conspiracy, and malicious-prosecution claims against La Jana Jones that he makes against Chester and Graves. (ECF No. 12, p. 7; ECF No. 13, p. 2). To succeed at a claim under 42 U.S.C. § 1983, the statute on which Mr. Munn bases his claims against Ms. Jones, a plaintiff must show, among other things, that the rights-depriver being sued was acting under color of state law. *West v. Atkins*, 483 U.S. 42, 48 (1988). Ms. Jones was acting as Mr. Munn's public defender when she allegedly deprived Mr. Munn of his Constitutional rights. Mr. Munn finds constitutional fault with Ms. Jones's motion practice, her consultations with prosecutors, and her advice about Mr. Munn pleading guilty. But these activities are basic, traditional functions of counsel to a criminal defendant, and a public defender exercising traditional roles as counsel to a criminal defendant is not acting under color of state law. *Georgia v. McCollum*, 505 U.S. 42, 64 (1992) (discussing *Polk Cnty v. Dodson*, 454 U.S.

312 (1981)).

## CONCLUSION

For the reasons stated above, and those contained in Judge Bryant's Report and Recommendation (ECF No. 11), Mr. Munn's claims against Bryant Chester, James Graves, and La Jana Jones are **DISMISSED**.

IT IS SO ORDERED, this 30th day of January, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge