IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


WILLIE MUNN                                                                                        PLAINTIFF

      v.                           Civil No. 4:11-cv-04085

SHERIFF BUTCH MORRIS,
Nashville, Howard County, Arkansas;
JALA TALLANT, Jail Administrator;                                                   DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    Plaintiff, Willie Munn, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

    By order entered on January 30, 2012 (ECF No. 31), Plaintiff's claims against Bryant Chester, La Jana Jones, and James Graves were dismissed. The claims against Sheriff Morris and Jala Tallant are still pending. On February 16, 2012 (ECF No. 38), Plaintiff filed a notice of appeal. He has also filed a motion for leave to appeal *in forma pauperis* (IFP)(ECF No. 48).

    Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In this case, the claims against only three of the Defendants have been dismissed. The claims against the remaining two Defendants are still pending. Pursuant to the terms of Rule 54(b) of the Federal Rules of Civil Procedure when a case involves more than one claim, if an order, does not dispose of all claims it is not considered a final appealable judgment unless the trial court directs that final judgment be entered as to claims

that were dismissed.

Final judgment was not entered pursuant to Rule 54(b) of the order entered in this case. In other words, the order appealed from does not constitute a final appealable judgment. Accordingly, any appeal at this stage of the litigation would be frivolous and not taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal IFP (ECF No. 48) be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the Clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of April 2012.

                                                                /s/ Barry A. Bryant  
                                                                HON. BARRY A. BRYANT  
                                                                UNITED STATES MAGISTRATE JUDGE