IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                           PLAINTIFF

VS.                                    CASE NO. 4:11-CV-04085

SHERIFF BUTCH MORRIS; and
JANA TALLANT                                                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed September 11, 2012 by the Honorable Barry Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 74). Plaintiff (ECF Nos. 77 & 78) and Defendants (ECF No. 76) have filed objections. Reviewing the record *de novo*, the Court adopts the report as its own.

## BACKGROUND

This case stems from Plaintiff's treatment—or lack of treatment—while in the Howard County Detention Center ("the Center") from June 2, 2011, when he entered the Center, through June 30, 2011, when he posted bond and was released from pretrial detention. Plaintiff claims that during that period he was denied adequate medical care, access to the courts, and freedom to exercise his religion. Each of these denials, according to Plaintiff, violated the constitution.

Plaintiff filed this suit against various parties on September 2, 2011. The Court dismissed several defendants earlier in the case. (ECF No. 31). The remaining Defendants, Sheriff Butch Morris and Jail Administrator Jana Tallant, have moved for summary judgment (ECF No. 63), and Judge Bryant recommends granting in part and denying in part their motion. (ECF No. 74). Judge Bryant's specific recommendations are:

- Dismiss Plaintiff's individual- and official-capacity claims regarding access to courts;
- Dismiss Plaintiff's individual- and official-capacity denial-of-care claims regarding his medication;
- Dismiss Plaintiff's individual- and official-capacity exercise-of-religion claims;
- Dismiss Plaintiff's official-capacity denial-of-care claims regarding his doctor's appointments;
- Dismiss all of Plaintiff's individual-capacity claims against Sheriff Morris;
- Allow Plaintiff's official-capacity claims regarding sick call, lack of nurses, tuberculosis testing, and double-bunking;
- Allow Plaintiff's individual-capacity denial-of-care claims against Ms. Tallant regarding Plaintiff's doctor's appointments.

## DISCUSSION

Defendants do not object to Judge Bryant's finding that Plaintiff's individual-capacity denial-of-care claims regarding his doctor's appointments should proceed, and that his official-capacity sick-call claims should proceed. They do, however, object to Judge Bryant's finding that Plaintiff's official-capacity claims regarding nurse staffing, tuberculosis, and double-bunking should proceed. They contend that the Center is not legally obligated to have a nurse on staff and that Plaintiff has failed to show an injury in the other claims he makes.

Plaintiff objects to Judge Bryant's finding recommending dismissal of his access-to-courts claims, his free-exercise claims, his denial-of-care claims regarding his medications, and his official-capacity denial-of-care claim regarding his doctor's appointments. The Court will address each party's objections in turn.

I. **Defendants' objections**

a. **Nurse-staffing policy**

Defendants first object that they are "aware of no case law holding that a county jail is required to have a nurse on staff." (ECF No. 76, at 2). At least one court, however, has noted that "[i]n order to comply with their duty not to engage in acts evidencing deliberate indifference to inmates' medical and psychiatric needs, jails must provide medical staff who are 'competent to deal with prisoners' problems.'" *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982)).

Regardless, liability need not be premised on a per se rule. The issue comes down to whether the Center's policy of going without medical staff amounts to deliberate indifference to prisoners' serious medical needs. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). In other words, did the Center have "'a policy in which the inadequacy is so obvious, and the inadequacy is so likely to result in the violation of constitutional rights' that [the Center] can be said to have been deliberately indifferent"? *Moyle v. Anderson*, 571 F.3d 814, 818–19 (8th Cir. 2009) (quoting *City of Canton*, 489 U.S. at 390).

On that question, the Court agrees with Judge Bryant that the Center's decision to go without readily available medical staff raises a fact question on deliberate indifference.

b. **Injury**

Defendants also object that Plaintiff has failed to create a fact question on whether the Center's nurse-staffing, tuberculosis, and double-bunking policies caused him any injury. As to the nurse-staffing policy, the Court agrees with Judge Bryant that Plaintiff has created a fact question on whether, if the Center's nurse-staffing policy amounted to deliberate indifference,

3

that policy caused him injury. It is obvious that Plaintiff might have suffered more than was constitutionally necessary because the Center had no nurse staff to care for him.

Defendants' lack-of-injury objections relating to Plaintiff's tuberculosis and double-bunking claims are fruitless because Defendants' summary judgment motion itself did not allege a lack of injury. Objections to a Report and Recommendation are not the place for expanding an existing summary judgment motion. Defendants may devote greater attention to that defense in another summary judgment motion, but the Court will not consider the argument as part of the instant motion.

## II.     Plaintiff's objections

Plaintiff objects to all of Judge Bryant's findings that recommend dismissing any of his claims. His objections merely restate the arguments he made in opposition to Defendants' summary judgment motion before Judge Bryant issued his recommendations. The Court agrees with Judge Bryant's findings that some of Plaintiff's claims should be dismissed.

First, access to the courts. Plaintiff's official- and individual-capacity claims that he was denied access to the courts fail because he has not shown "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim"—that is, he has not shown any legal injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Plaintiff's access-to-courts claims cannot proceed without a showing of some injury caused by his lack of access. Therefore, these claims should be dismissed.

Second, free expression of religion. In his objections to Judge Bryant's report, Plaintiff states: "I Withdraw My complaint About Denial A Chaplin. To Denial of A Chapel. To Worship In." (ECF No. 77, at 11). It's not clear whether Plaintiff is withdrawing his religion complaint entirely, or merely withdrawing his claim about being denied a chaplain while still pressing his

claim about being denied a chapel. Regardless, to the extent Plaintiff *is* objecting, his objections are not specific enough to trigger de novo review. (ECF No. 74, at 21). In fact, Plaintiff does not develop his exercise-of-religion claims at all. Therefore, these claims should be dismissed.

Third, Plaintiff's denial-of-medication claims. Plaintiff has not created a fact question in response to his medication logs, which show that he was given many medicines on many occasions for almost the entirety of his time at the Center. (ECF No. 64-3). Therefore, these claims should be dismissed.

Fourth, Plaintiff's official-capacity denial-of-care claims regarding his doctor's appointments. While Plaintiff has created a fact question on the Center's nurse-staffing policy and on Ms. Tallant's individual-capacity liability on his doctor's appointment claims, he has not shown that the Center had a custom or policy of delaying doctor's appointments. Therefore, these claims should be dismissed.

Fifth, Plaintiff's individual-capacity claims against Sheriff Morris. In his objections, Plaintiff claims for the first time to have had several conversations with Sheriff Morris that give rise to Morris's liability in this case. However, Plaintiff has not shown how those conversations were the cause of—or even were related to—his constitutionally deficient treatment. His individual-capacity claims against Sheriff Morris should therefore be dismissed.

### CONSLUSION

For the above reasons and those contained in Judge Bryant's report, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 74) as its own. Accordingly, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 63) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The following of Plaintiff's claims are **DISMISSED WITH PREJUDICE**: (1) official- and individual-capacity access to courts; (2)

official- and individual-capacity free exercise of religion; (3) official-capacity delayed doctor's appointments; and (4) individual-capacity claims against Sheriff Morris.

The following claims remain for trial: (1) Plaintiff's official-capacity nurse-staffing claims; (2) Plaintiff's official-capacity tuberculosis, double-bunking, and sick-call claims; and (3) Plaintiff's individual-capacity delayed-doctor's-appointment claims against Ms. Tallant.

IT IS SO ORDERED, this 8th day of January, 2013.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge