IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                    PLAINTIFF

V.                                        CIVIL NO. 4:11-cv-04085

SHERIFF BUTCH MORRIS; and
JANA TALLANT                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE

This is a civil rights action filed by Plaintiff, Willie Munn, pursuant to the provisions of

42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of

28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District

Judge, referred this case to the undersigned for the purpose of making a report and

recommendation.

Currently before the Court is Plaintiff's Motion for Summary Judgment.  ECF No. 87.

Defendants responded.  ECF No. 90.  After considering the briefing, the undersigned makes the

following report and recommendation.

## I.    BACKGROUND

Defendants previously filed a Motion for Summary Judgment (ECF No. 63) and the

undersigned issued a Report and Recommendation, on September 11, 2012, recommending

granting in part and denying in part Defendants' Motion ("Report") (ECF No. 74).  Defendants

filed Objections to the Report on September 19, 2012.  ECF No. 76.  Plaintiff filed Objections on

September 21, 2012 (ECF No. 77) and again on September 26, 2012 (ECF No. 78).  United States

District Judge Susan O. Hickey adopted the Court's Report as its own on January 9, 2013

("Order").  ECF No. 89.

1

In the Order, the District Court dismissed with prejudice Plaintiff's (1) official and individual capacity access to court claims; (2) official and individual capacity free exercise of religion claims; (3) official capacity delay of medical care claim; and (4) individual capacity claims against Sheriff Morris.  The District Court held the following claims remain for trial: (1) Plaintiff's official capacity nurse staffing claim; (2) Plaintiff's official capacity tuberculosis, double-bunking, and sick-call claims; and (3) Plaintiff's individual capacity delay of medical care claim against Defendant Tallant.  ECF No. 89.  Before coming to this conclusion in the Order, the District Court considered both Defendants and Plaintiff's Objections to the Report.  ECF No. 89.

## II.   DISCUSSION

After Plaintiff filed his second set of Objections to the Report but prior to the District Court issuing its Order adopting the Report, Plaintiff filed the instant Motion for Summary Judgment.  ECF No. 87.  In this Motion, Plaintiff argued he filed his Objections to the Report on September 26, 2012 (ECF No. 78) and Defendants did not file a response.  Therefore, according to Plaintiff, he is entitled to a judgment as a matter of law as to the Report.    Plaintiff also argues there are no genuine issues of material fact as to his Objections that he filed on September 26, 2012.

Defendants responded to Plaintiff's Motion for Summary Judgment arguing that Plaintiff is not entitled to a judgment as a matter of law based on the fact that Defendants did not respond to his Objection.  ECF No. 90.  Defendants point out that they are not required by the rules of procedure to file objections to the Report or respond to Plaintiff's objections.  ECF No. 90.

The local rule governing reports and recommendation in prisoner pro se cases such as this one states: parties "*may* serve and file written objections" to the Magistrate's report and recommendation and the "District Judge must make a de novo determination of any matters which

have been specifically objected to by the litigants . . . ."  Local Rule 72.1 (emphasis added).

Defendants and Plaintiff properly filed Objections to the Report and the District Court properly considered both Defendants and Plaintiff's Objections in its Order adopting the Report. This is inconsequential, however, as Plaintiff's argument in his Motion is that he is entitled to a judgment as a matter of law as to the Report.  The  Report has already been adopted by the District Court, therefore, Plaintiff's Motion for Summary Judgment is moot.

## III.    CONCLUSION

For the reasons stated above,  I recommend Plaintiff's Motion for Summary Judgment be **DENIED** as moot.

**The  parties  have  fourteen  days  from  receipt  of  the  amended  report  and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of March 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE