IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                          PLAINTIFF

V.                              CIVIL NO. 4:11-cv-4085

SHERIFF BUTCH MORRIS; and
JANA TALLANT                                                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 12, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 127). Judge Bryant recommends that Defendant's claims be dismissed because no issues of fact are triable to a jury. On July 29, 2013, Plaintiff filed objections to Judge Bryant's Report and Recommendation. (ECF No. 130). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff objects to Judge Bryant's recommendation because: (1) the Howard County Detention Center ("HCDC") denied him medical care by not employing a nurse and refusing to transport him to a personal appointment with a gastroenterologist in Texarkana; and (2) the Court did not authenticate and did not timely disclose Plaintiff's medical records from Dr. Hashmukh Patel. Plaintiff already made these arguments before the court, and Judge Bryant fully addressed them in his Report and Recommendation. The Court agrees with Judge Bryant for the following reasons.

First, the HCDC afforded Plaintiff access to medical care. To prevail on his Eighth Amendment claim of cruel and unusual punishment, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106

(1976); *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012).  The HCDC's decision not to employ a nurse does not amount to deliberate indifference because the HCDC offered Plaintiff access to medical care through its sick-call procedure.  Additionally, the gastroenterologist refused to see Plaintiff because he was incarcerated.  The HCDC did not deny the appointment.

Second, Plaintiff cannot object to his own evidence.  As Judge Bryant stated, the Court subpoenaed Dr. Patel's medical records on behalf of Plaintiff (ECF No. 119), and Plaintiff submitted the records to the evidentiary hearing.  Plaintiff may not submit evidence to the Court and then object to its authenticity and untimely disclosure.

For the reasons set forth above, the Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation.  (ECF No. 127).  Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 16th day of August, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge